IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE JACKSON MCLENDON, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 2:06-CV-163-MHT- (WO) |
| J.C. GILES, ) | |
| WARDEN, et al., ) | |
| ) | |
| RESPONDENTS. ) | |

## ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Honorable Court's order issued February 27, 2006, hereby deny that the Petitioner, Willie Jackson McLendon, is entitled to any relief whatsoever under the federal writ of habeas corpus.

By his February 16, 2006 petition, McLendon attacks his 2003 Pike County Circuit Court convictions and sentences on charges of first degree sodomy and first degree sexual abuse. Petition p. 2. Without waiving any other future argument in response to the claims in McLendon's petition, it is respectfully submitted that the petition should be dismissed because McLendon is currently challenging these convictions in an Ala.R.Crim.P. Rule 32 petition, filed on or about March 11, 2005, which is currently pending in Pike County Circuit Court case numbers CC-02-247.60 and CC-02-248.60. McLendon acknowledges such in his habeas

1

petition. See Petition p. 5 (noting that "The Judge has not Ruled on the Post-Conviction Rule 32[.]") A brief procedural background and argument related to this issue follow.[1]

## PROCEDURAL BACKGROUND

1. In his petition for writ of habeas corpus, McLendon attacks his March 2003 convictions and resulting April 2003 sentences in Pike County Circuit Court on charges of first degree sodomy and first degree sexual abuse. Petition p. 2. The convictions arose from McLendon's molestation of his girlfriend's five-year-old daughter. Pursuant to the Alabama Habitual Felony Offender Act, the trial court sentenced McLendon to concurrent terms of ninety-nine years' imprisonment and ten years' imprisonment. Petition p. 2.

2. The Alabama Court of Criminal Appeals affirmed McLendon's convictions by memorandum opinion on February 20, 2004 in McLendon v. State, CR-02-1559 (Ala. Crim. App. Feb. 20, 2004), and, after overruling McLendon's application for rehearing, entered a certificate of judgment on March 19, 2004.

---

[1] The trial transcripts and other materials from McLendon's direct appeal, as well as his recent proceedings seeking a writ of mandamus in the Alabama Court of Criminal Appeals, are in the possession of undersigned counsel. The currently pending Rule 32 and its related pleadings and orders are in the possession of the Pike County Circuit Court. Because McClendon's state court proceedings are still pending, only documents pertinent to McLendon's failure to exhaust his state court remedies are included with this Answer.

Exs. A, B, C. McLendon did not seek certiorari review in the Alabama Supreme Court.

3. On or about March 11, 2005, McLendon filed an Ala.R.Crim.P. Rule 32 petition challenging these convictions in McLendon v. State, Pike County Circuit Court CC-02-247.60, CC-02-248.60. Ex. D. The Pike County Circuit Court docket sheet demonstrates that the trial court has not yet disposed of the Rule 32 petition, and it is still pending before Pike County Circuit Court Judge Jeffrey Kelley in that court. Id.[2]

4. On or about January 4, 2006, McLendon filed a petition for a writ of mandamus in the Court of Criminal Appeals regarding these convictions, and that petition was denied on January 23, 2006. Exs. E, F, G.

5. McLendon filed his petition for writ of habeas corpus in this Court on February 16, 2006, and, by its February 27, 2006 order, this Court directed the Respondents to file the instant answer.

---

[2] On March 6, 2006, undersigned counsel spoke to the administrative assistant to Judge Kelley, who confirmed that the last written order in the case action summary sheet (Ex. D) -- the February 27, 2006 order referenced as "text order of the judge" -- simply noted that the Rule 32 petition was still pending and had not yet been ruled upon.

3

## ARGUMENT

**McLendon's Petition Should Be Dismissed Because He Is Currently Litigating His Post-Conviction Remedies In State Court.**

6. McLendon has improperly attempted to obtain federal habeas relief while he is still seeking post-conviction relief in the Alabama state court system. A petitioner seeking the issuance of a federal writ of habeas corpus must first exhaust his state law remedies. Title 28 U.S.C. § 2254 (b) (1) (A), (B)(i) and (ii) specifically provide that the petitioner seeking a federal writ of habeas corpus must have first exhausted his state law remedies unless there is an absence of state remedies available.

> "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. The exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254(b)(1) (1994 ed., Supp. III)."

O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999).

7. A petitioner such as McLendon "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c). See also Heath v. Jones, 863 F.2d 815, 818 (11th Cir. 1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed.

4

2d 379 (1982) (complete exhaustion of state remedies required).

8. In Horowitz v. Wainwright, 709 F.2d 1403 (11th Cir. 1983), the Eleventh Circuit Court of Appeals affirmed the dismissal of the petitioners' habeas corpus petitions because their collateral attacks on their convictions in the Florida District Court of Appeal were still pending:

> "The principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously pursue their appeal in Florida state court and their Section 2254 petitions in federal court."

709 F. 2d 1403, 1404. See also Weaver v. Jones, No. CIV.A.00-0492-RV-L, 2001 WL 102606, at *2 (S.D. Ala. Jan. 26, 2001) (unreported opinion dismissing federal habeas petition because petitioner was "currently pursing a Rule 32 petition").

9. In the instant case, McLendon is currently attacking his convictions in state court via Ala.R.Crim.P. Rule 32. Ex. D. Accordingly, the doctrine of comity requires that McLendon's federal petition for a writ of habeas corpus be dismissed.

## CONCLUSION

Based upon the foregoing, McLendon's petition seeking a writ of habeas corpus regarding his Pike County Circuit Court convictions is due to be dismissed.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:

/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

## **EXHIBITS**

EXHIBIT A:  Alabama Court of Criminal Appeals's February 20, 2004 memorandum opinion affirming McLendon's convictions in <u>Willie Jackson McLendon v. State</u>, CR-02-1559 (Ala. Crim. App. Feb. 20, 2004).

EXHIBIT B:  Alabama Court of Criminal Appeals's March 19, 2004 order overruling application for rehearing, <u>Willie Jackson McLendon v. State</u>, CR-02-1559 (Ala. Crim. App. Mar. 19, 2004).

EXHIBIT C.  Alabama Court of Criminal Appeals's April 7, 2004 certificate of judgment, <u>Willie Jackson McLendon v. State</u>, CR-02-1559 (Ala. Crim. App. Apr. 7, 2004).

EXHIBIT D:  Pike County Circuit Court CC-02-247.60 and CC-02-248.60 docket sheets demonstrating the currently pending <u>Ala.R.Crim.P.</u> Rule 32 petition filed by McLendon

EXHIBIT E:  Alabama Court of Criminal Appeals's docket sheet for McLendon's petition for a writ of mandamus, <u>Ex parte Willie Jackson McLendon v. State</u>, CR-05-0666

EXHIBIT F:  McLendon's January 4, 2006 petition for a writ of mandamus, <u>Ex parte Willie Jackson McLendon v. State</u>, CR-05-0666

EXHIBIT G:  Alabama Court of Criminal Appeals's January 23, 2006 order denying McLendon's petition for a writ of mandamus, <u>Ex parte Willie Jackson McLendon v. State</u>, CR-05-0666 (Ala. Crim. App. Jan. 23, 2006)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> WILLIE JACKSON MCLENDON, AIS #229204
> Ventress Correctional Facility
> P.O. Box 767
> Clayton, AL 36016-0767

> /s/Marc A. Starrett
> Marc A. Starrett (STARM1168)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  MStarrett@AGO.State.Al.US

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
106340/McLendon
92001-001