# Court of Criminal Appeals

Beeson
54318

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



FEB 20 2004

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-02-1559         Pike Circuit Court CC-02-247 & -248

Willie Jackson McLendon v. State

McMILLAN, Presiding Judge.

The appellant was found guilty of sexual abuse in the first degree and sodomy in the first degree. The trial court sentenced him, as a habitual offender with two prior convictions, to terms of 10 years' imprisonment and 99 years' imprisonment, respectively. The court ordered the sentences to run concurrently.

The State's evidence tended to show that the appellant and Marlina Dickey began a relationship in January of 1997. Later that year, Dickey's 8-year old son and 5-year old daughter moved in with them. The couple broke up in November of 1999, and the appellant moved out. In November of 2001, Dickey's daughter told her that the appellant had "bothered" her when he was living with them. Dickey reported the abuse to police in January of 2002. The victim testified at trial

that the appellant had placed his finger into her vagina while she was in the bathtub. She said the act occurred while Dickey was in the hospital in 1998. She also said that on another occasion, the appellant had pulled down her pants and forced her to suck his "thing." On a third occasion, she said, he had tried to put his "thing" into her but found that it was too big. She said he "jangled" his penis, and "white sperm" came out. The victim's brother testified that he had seen the appellant touch the victim between the legs on two separate occasions. The appellant testified in his own behalf that he had never touched the victim inappropriately. He admitted that he had fondled his own daughter on two occasions many years earlier, and he said that he had been wrongly convicted of touching the victim's older sister in 1998.

The appellant contends that the evidence presented by the State was insufficient to allow the jury to fairly infer, beyond a reasonable doubt, that he had sexually abused or sodomized the victim. He argues that the State failed to prove a prima facie case because there was no physical evidence that any crime occurred; the testimony of the victim, her brother, and her mother was inconsistent; and the victim's mother said that she would "get him" if he left her. He also argues that the victim and her mother delayed before reporting the alleged abuse and that several witnesses testified that he had turned his life around and had a good relationship with the victim and her brother.

The appellant states that he is challenging the sufficiency of the evidence. However, it is apparent from his argument that he actually is challenging its weight. "The weight of the evidence is clearly a different matter from the sufficiency of the evidence." Johnson v. State, 555 So. 2d 818, 819 (Ala. Crim. App. 1989)(emphasis in original). "The sufficiency of the evidence concerns the question of whether, `viewing the evidence in the light most favorable to the prosecution, [a] rational fact finder could have found the defendant guilty beyond a reasonable doubt.'" Id.(citations omitted). "In contrast, `the "weight of the evidence" refers to a determination [by] the trier of fact a greater amount of credible evidence supports one side of an issue or cause than the other.'" Id. at 820 (citation omitted).

"The issue of the sufficiency of the evidence is

2

preserved for review by a defendant's motion for a judgment of acquittal that is entered at the close of the state's case, at the close of the evidence, or after the verdict is entered." Zumbado v. State, 615 So. 2d 1223, 1241 (Ala. Crim. App. 1993)(citations omitted). "The motion must state the ground that the state failed to prove a prima facie case." Id.(citation omitted). "A defendant may also challenge the sufficiency of the evidence by moving for a new trial or ... an arrest of judgment." Id.(citations omitted). "The issue of the weight of the evidence is preserved by a motion for a new trial, stating `that the verdict is contrary to law or the weight of the evidence.'" Id.(citation omitted).

The appellant failed to file a motion for new trial. Because the appellant failed to preserve his argument for review on appeal, the judgment of the trial court is due to be affirmed.

AFFIRMED.

Cobb, Baschab, Shaw, and Wise, JJ., concur.