IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

RE: WRIT OF MANDAMUS FOR WILLIE JACKSON MCLENDON

| | | |
|---|---|---|
| WILLIE JACKSON MCLENDON PRO_SE<br>PETITIONER, | * | CASE# CC-02-247 and CC-02-248 |
| | * | |
| STATE OF ALABAMA<br>RESPONDENT, | * | |
| | * | |

**FILED**
JAN - 4 2006
CLERK
ALA COURT CRIMINAL APPEALS

## PETITION FOR WRIT OF MANDAMUS:

COMES NOW THE PETITIONER WILLIE JACKSON MCLENDON PRO-SE, AND HEREBY FILES A PETITION FOR A WRIT OF MANDAMUS; AND ALSO IS GIVING PROPER NOTICE TO ALL THE RESPONDENTS IN THIS MATTER. THE PETITIONER IS ALSO STATING THE RELIEF SOUGHT; THE ISSUES PRESENTED; THE FACTS IN SUPPORT; AND REASON WHY WRIT SHOULD ISSUE. THE PETITIONER HAS PRESENTED MERITORIOS CLAIMS FOR RELIEF AND PROVED THE ACCUSATIONS HE SAID TO BE TRUE; IN WHICH THE DISTRICT ATTORNEY FOR PIKE COUNTY COULD NOT ANSWER THE GROUNDS FOR RELIEF, IN WHICH ALSO MUST BE TAKEN AS TRUE. THE PETITIONER HEREBY IS ASKING FOR THIS PETITION TO BE GRANTED DUE TO THE STATEMENTS AS FOLLOWS:

## RELIEF SOUGHT:

GROUNDS THRUOGH FIVE WAS NEVER ANSWERED AND IS TO BE TAKEN AS TRUE. GROUND ONE, THOUGH WAS REFUTED WAS NOT ANSWERED; AND HE HAD PROVED WHERE HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL. BOTH THE GROUNDS AND SUBGROUNDS ARE YET TO ALL BE REFUTED, AND THE STATE IS YET TO RULE IN THE MATTER OF THIS FORMER RULE 32 PETITION FILED BY WILLIE JACKSON MCLENDON.

ON (PAGE 2) OF THE PETITIONERS BRIEFING FOR HIS RULE 32 PETITION IN LINES (15-17) HE STATED HOW HE WAS DEPRIVED PROPER ASSISTANCE BY HIS ATTORNEY AND LATER FOUND PARALEGAL SERVICES; IN WHICH HAS ASSISTED HIM.

(1)

THE PETITIONERS TRIAL COUNSEL WAS HONORABLE DEBBIE L. JARED. EVEN THOUGH THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE; HE HAS PROPERLY FORMED A ARGUMENT TO BE REFUTED, IN WHICH THE FACTS STATED AND RELEVANT EVIDENCE HAS BEEN MORE THAN PROVED AND PROVIDED BY THE PETITIONER. THE TRIAL COUNSEL HAD FAILED TO INSPECT THE JURY ROOM, AND IN HER SWORN AFFIDAVIT SHE DID _NOT_ DENY THE ALLEGATIONS.

THE TRIAL COUNSEL HAD VIOLATED THE PETITIONERS CLIENT/ATTORNEY PRIVILEGES WHEN SHE SPOKE AND SAID HE SAID THUS, WHEN IT IS NOT TRUE.

WE ALL ARE PROTECTED BY THE 5TH AMENDMENT FROM SELF-INCRIMINATION ALSO, AND FOR THE DISTRICT ATTORNEY TO SAY (HE WAS HIDING BEHIND GOD) IS BUT INEFFECTIVE AND LACK OF DEFENSE ON HIS PART BY HIS PUBLIC DEFENDER.

THE PETITIONER HAS BEEN DENIED APPEALS IN THE APPELLATE COURTS; DUE TO THE MISTAKE BY APPELLATE COUNSEL, IN WHICH THE APPELLATE COURT DENIES THOSE ALLEGATIONS ALSO.

CHAVEST V. STATE 517 SO.2nd 643,644(ALA. CR. APP. 1987)

"BECAUSE THE PETITION IS MERITORIOUS ON ITS FACE, THIS CASE IS REVERSED AND REMANDED WITH DIRECTIONS THAT AN EVIDENTIARY HEARING BE HELD."(ID AT 718)

IT IS THE STATES DUTY TO AFFORD A PETITIONER A RIGHT TO A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL.

WITHOUT DELAY OF A RULING IN THIS MATTER ON THE PETITIONERS PART, IS THE RELIEF SOUGHT BY THE PETITIONER; AND COUNSEL TO BE APPOINTED BY THE COURTS WHICH IS ALSO A RIGHT AND SHOULD BE CONSIDERED IN THE PROCEEDINGS TO COME IN THAT BEING INVOLVED IN SENTENCING A MAN THAT IS INNOCENT OF A CRIME IS ILLEGAL IN THE STATE OF ALABAMA; THEREFORE THE PETITIONER ALSO UNDERSTANDS IF DESIRED HE WOULD BE ELIGIBLE FOR MONEY DAMAGES FOR HIS ILLEGAL PRISON SENTENCE OF THE SAID CHARGES.

THE PETITIONER HAS BEEN VACATED LONG ENOUGH OF HIS RIGHTS, BUT HE WILL WAIT ON A SUIT AGAINST THE STATE FOR ILLEGAL INCARCERATION; UPON RECEIPT THE COURTS RELEASE HIM AND CLEAR/AQUIT HIM OF ALL CHARGES AGAINST HIM.

THE PETITIONER UNDERSTANDS ALSO PERJURY CHARGES COULD BE ISSUED UPON CERTAIN PEOPLE AND ARREST MADE, AND IF NECESSARY THE PETITIONER HAS HAD ALL THESE THINGS PROPERLY INVESTIGATED AND PROOF SOUGHT OUT FOR THESE PURPOSES.

THE PETITIONER IS WISHING FOR A CONCLUSION IN THIS MATTER, AND FOR THE MOMENT IS SEEKING RELEASE FROM CUSTODY, AND HIS RECORD CLEARED OF THESE CHARGES.

THE PETITIONER STATES HIS INNOCENCE OF THE SAID CRIMES AGAINST HIM, AND THEREFORE PRAYS THIS WRIT BE ISSUED WITHOUT DELAY TO THE TRIAL JUDGE TO RULE UPON THE PETITIONERS FAVOR.

### ISSUES PRESENTED FOR REVIEW:

**GROUND ONE:** PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF BOTH HIS TRIAL AND APPELLATE COUNSEL UNDER TWO PRONG TEST OF STRICKLAND V. WASHINGTON 466 U.S., 668, 104 S. CT. 2054, 80 L.ED. 2d 674 (1984)

**GROUND TWO:** PETITIONER WAS DENIED A FAIR TRIAL BY THE ERRORS OF THE TRIAL COURT WHICH RENDERED THE TRIAL FUNDAMENTALLY UNFAIR AND VIOLATED THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ALSO DUE TO INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

**GROUND THREE:** THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGEMENT OR TO IMPOSE THE SENTENCE BECAUSE OF A VOID INDICTMENT AND BECAUSE OF THE UNCONSTITUTIONAL PENAL STATUTES WHICH ARE LACKING THE ESSENTIAL ELEMENT OF MENS REA OR STATE OF MIND ELEMENT.

**SUBGROUND:** PETITIONER HAS A VOID INDICTMENT BECAUSE ALL OF THE ESSENTIAL ELEMENTS WERE NOT PRESENTED TO THE GRAND JURY WHICH BROUGHT THE INDICTMENT AGAINST HIM.

**SUBGROUND:** UNCONSTITUTIONAL PENAL STATUTES.

<u>GROUND FOUR</u>: PETITIONER WAS DENIED A FAIR TRIAL BY THE IMPROPER COMMENTS MADE BY THE PROSECUTOR WHICH REDERED THE TRIAL FUNDAMENTALLY UNFAIR AND VIOLATED THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ALSO DUE TO INEFFECTIVE ASSISTANCE OF BOTH TRIAL AND THE APPELLATE COUNSEL.

<u>GROUND FIVE:</u> THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGEMENT OR TO IMPOSE THE SENTENCE BECAUSE THE CONVICTION WAS OBTAINED BY THE UNCONSTITUTIONAL FAILURE OF THE PROSECUTION TO DISCLOSE TO THE DEFENSE EVIDENCE FAVORABLE TO THE PETITIONER IN THAT SPECIFIC IMPEACHMENT EVIDENCE IN THE POSSESSION OF THE PROSECUTION WAS NOT PROVIDED TO THE DEFENSE WHICH DENIED PETITIONER A FAIR TRIAL WITH DUE PROCESS AND EQUAL PROTECTION OF THE LAW IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 1,6, AND 22 OF THE CONSTITUTION OF ALABAMA, DUE TO THE INEFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPELLATE COUNSEL.

THIS GROUND IS FRAMED AS A <u>BRADY</u> ARGUMENT CONCERNING THE NCIC RECORDS OF ALL POTENTIAL JURORS AND WITHHOLDING AND/OR CONCEALING THOSE RECORDS.

## FACTS IN SUPPORT:

ON FEBRUARY 26,2005 THE PETITIONER WILLIE JACKSON McLENDON FILED A RULE 32 PETITION; AND ON AUGUST 22,2005 THE DISTRICT ATTORNEY FILED A RESPONSE AND THE HON. DEBBIE JARED HAD FILED A AFFIDAVIT SIGNED JULY 14,2005. THEY THE RESPONDENTS HAD SOME TIME EXTENSIONS IN WHICH THEY STILL DID NOT ANSWER THE GROUNDS REFUTED BY THE PETITIONER. THE JUDGE HAS TO DATE NOT RULED IN THIS MATTER, AND THE PETITIONER IS REQUESTING FOR THE COURT OF CRIM. APPEALS TO RENDER A DECISION TO RELEASE THE PETITIONER FROM CUSTODY OR IN THE ALTERNATIVE JUDGEMENT BY TRIAL JUDGE FOR REVERSE AND REMAND FOR A EVIDENTIARY HEARING, AND APPOINTMENT OF COUNSEL TO PROPERLY REPRESENT HIM.

THE PETITIONER HAS BEEN DEPRIVED OF HIS RIGHTS AND IS REQUESTING THAT THIS WRIT BE ISSUED IMMEDIATELY UPON RECEIPT OF THIS PETITION.

### REASON WHY WRIT SHOULD ISSUE:

THE PETITIONER WILLIE JACKSON McLENDON HAS BEEN DENIED BOTH TRIAL AND APPELLATE COUNSEL, AND WOULD BE IN THE BEST JUDGEMENT OF THIS COURT TO RENDER A DECISION FOR THE WRIT BE ISSUED. THE TRIAL JUDGE HAS NOT MADE A RULING ON THE RULE 32 FILED; AND THE DISTRICT ATTORNEY WOULD NOT ANSWER THE GROUNDS TO BE REFUTED.

IT WOULD BE IN THE BEST INTEREST OF THE PETITIONER FOR A WRIT TO ISSUE AND A EVIDENTIARY HEARING BE HELD WITH APPOINTMENT OF COUNSEL; AND/OR THE PETITIONER BE AQUITTED OF THE SAID CHARGES AGAINST HIM.

THE PETITIONER IS BEING DENIED ALSO A FAIR HEARING BY A FEMALE DISTRICT ATTORNEY AND LAWYER; IN WHICH ARE FRIENDS WITH EACH OTHER.

THE PETITIONERS LAWYER NEVER PROPERLY INVESTIGATED THIS MATTER; AND NEVER PROPERLY DEFENDED WILLIE JACKSON McLENDON TO THE BEST OF HER ABILITY.

A WRIT SHOULD BE ISSUED DIRECTING THE TRIAL JUDGE TO RULE ON THE RULE 32 STILL PENDING IN PIKE COUNTY.

(IN ACCORDANCE UNDER RULE 32 APPENDIX L: THE PETITIONER DOES NOT HAVE ACCESS TO COURIER NEW 13, AND A TYPEWRITER IS THE ONLY ACCESS AVAILABLE).

## CERTIFICATE OF SERVICE

I WILLIE JACKSON McLENDON DO HEREBY CERTIFY I HAVE SENT A COPY OF THIS WRIT OF MANDAMUS TO:

(1 COPY)

DISTRICT ATTORNEYS OFFICE
PIKE COUNTY
PO BOX 812
TROY, ALABAMA
36081

(1 COPY)

PIKE COUNTY CLERKS OFFICE
c/o HON. JUDGE KELLEY
120 WEST CHURCH STREET
TROY, ALABAMA
36081

(1 COPY)
BRENDA MEADOWS PEACOCK
PIKE COUNTY CIRCUIT CLERK
120 WEST CHURCH ST.
TROY, ALABAMA
36081

(4 COPIES)
ALABAMA COURT OF CRIMINAL APPEALS
PO BOX 301555
MONTGOMERY, ALABAMA
36130-1555

BY PLACING THE COPIE(S) OF THE SAME ALL POSTAGE PRE-PAID THIS __4th__ DAY OF __January__, 200_6_.

_Willie J. McLendon_  PRO-SE
OF COUNSEL

(VI)

SWORN TO AND SUBSCRIBED UNTO ME THIS  4th  DAY OF _Janaury_
200_6_.

MY COMMISSION EXPIRES My Commission Expires August 18, 2007

NOTARY SIGNATURE _Carolyn R. Abercrombie_

PETITIONERS SIGNATURE _Willie J. McLendon_

TODAYS DATE _1-04-06_

(SEAL)

(VII)