IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILLIE JACKSON MCLENDON, #229 204     *

    Petitioner,     *

    v.     *     2:06-CV-163-MHT
                                                                 (WO)

J.C. GILES, WARDEN, *et al.*,     *

    Respondents.     *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie McClendon ["McClendon"], a state inmate, on February 16, 2006. In the petition, McClendon challenges his convictions for first degree sodomy and first degree sexual abuse imposed upon him by the Circuit Court for Pike County, Alabama, in 2003. In their answer filed with this court on March 8, 2006, Respondents assert that McClendon has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that McClendon has a Rule 32 petition currently pending in the Circuit Court for Pike County, Alabama. (Doc. No. 5 at pgs. 1-3 and Exh. 5.)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that McClendon has not yet exhausted his available state court remedies with respect to each of

the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of McClendon's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of McClendon's Rule 32 proceedings as there is nothing before this court which indicates that good cause exists for his failure to exhaust his claims first in state court. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before March 24, 2006 McClendon shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done this 13th day of March 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE