IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| WILLIE JACKSON MCLENDON, #229 204 | * |
| Petitioner, | * |
| v. | *   2:06-CV-163-MHT |
|  |        (WO) |
| J.C. GILES, WARDEN, *et al.*, | * |
| Respondents. | * |

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie McLendon ["McLendon"], a state inmate, on February 16, 2006. In the petition, McLendon challenges his convictions for first degree sodomy and first degree sexual abuse imposed upon him by the Circuit Court for Pike County, Alabama, in 2003. Pursuant to an order of the court, Respondents filed an answer to the petition wherein they maintain that the present petition is due to be dismissed because McLendon has failed to exhaust available state remedies. (Doc. No. 5.) The court granted McLendon an opportunity to show cause why his petition should not be dismissed and he has done so. (Doc. No. 7.)

Upon review of the petition, Respondents' answer, and McLendon's response, the court concludes that the instant habeas corpus action should be dismissed because McLendon has failed to exhaust state remedies with respect to each of the claims raised therein. Specifically, the pleadings and documents before the court reflect that McLendon has a Rule 32 petition pending in the Circuit Court for Pike County, Alabama. (Doc. No. 5, Exh. 5;

Doc. No. 7.)

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A).  It is clear from the petition filed herein that McLendon has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition.  This court does not deem it appropriate to rule on the merits of McLendon's claims for relief without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).

The court notes that McLendon argues that requiring him to exhaust state remedies "would amount to nothing more than a mere obstacle, both burdensome and time consuming." (Doc. No. 7 at pg. 2.)  Exceptions exist to the exhaustion requirement, *i.e.,* when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." *Howard v. Davis,* 815 F.2d 1429, 1430 (11th Cir. 1987); 28 U.S.C § 2254(b).  McLendon's arguments, however, fail to fit within the narrow exception to futility, and there is no reason to believe that the Alabama state courts will not give his issues serious consideration.

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that McLendon can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **May 22, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of May 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE